UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DAVID CARLEBACH,

        Appellant,

   -against-                                   **MEMORANDUM & ORDER**
                                                  15-CV-5610 (RRM)

JOSEPH TYRNAUER,

        Appellee.
--------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       The instant case is an appeal from an order of the Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). Appellee Joseph Tyrnauer moves to dismiss for failure to prosecute. For the reasons below, appellee's motion is granted.

## PROCEDURAL HISTORY

       On September 29, 2015, appellant David Carlebach, an attorney proceeding *pro se*,[1] filed a notice of appeal from the Bankruptcy Court's September 14, 2015 order dismissing his counterclaims. (*See* Notice of Appeal (Doc. No. 1).) On November 13, 2015, notice of the Court's receipt of the bankruptcy record was filed, and the Court ordered the parties to follow the briefing schedule as set forth in Federal Rule of Bankruptcy Procedure ("Rule") 8018, which required Carlebach to serve his brief within thirty (30) days. (*See* 11/13/15 Notice of Bankr. R. Received ("11/13/15 Order") (Doc. No. 2).) On November 16, 2015, the Court issued another notice of the Court's receipt of the bankruptcy record and ordered the parties to follow the briefing schedule as set forth in Rule 8018, which required Carlebach to serve his brief within

---

[1] Because Carlebach is an experienced attorney, he is not entitled to the same leniency the Court would traditionally afford a *pro se* party. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[T]he degree of solicitude [given a *pro se* plaintiff] may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented."); *Bliven v. Hunt*, 478 F. Supp. 2d 332, 334 (E.D.N.Y. 2007) ("Although Plaintiff proceeds *pro se* he is an experienced attorney and accordingly his pleading is not entitled to the degree of liberality given to non-attorney *pro se* plaintiffs.).

thirty (30) days (by December 16, 2015).  (11/16/15 Notice of Bankr. R. Received ("11/16/15 Order") (Doc. No. 3)).

Carlebach failed to file his brief pursuant to rule and the Court's Order.  On December 28, 2015, Tyrnauer filed a letter seeking leave to move to dismiss the appeal, (12/28/15 Tyrnauer Ltr. (Doc. No. 4)), which Carlebach responded to a month later (1/27/16 Carlebach Ltr. (Doc. No. 5)).[2]

Tyrnauer now moves to dismiss the appeal, (Mot. to Dismiss (Doc. No. 10)), and Carlebach opposes the motion (Opp'n to Mot. (Doc. No. 13)).  For the reasons set forth below, Tyrnauer's motion to dismiss is GRANTED.

## STANDARD OF REVIEW

Under Rule 8018 of the Bankruptcy Rules, "[u]nless the district court . . . specifies different time limits[,] [t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically."  Fed. R. Bankr. P. 8018(a)(1).  Bankruptcy Rule 9006(b)(1) permits an extension of time under the rules, even "after the expiration of the specified period . . . where the failure to act was the result of excusable neglect."  Fed. R. Bankr. P. 9006(b)(1); *see also In re Harris*, 464 F.3d 263, 270 (2d Cir. 2006) ("[T]he 'excusable neglect' standard of Federal Rule of Bankruptcy Procedure 9006(b)(1) . . . governs the enlargement of time for deadlines in bankruptcy proceedings.").  The Supreme Court has interpreted the excusable neglect standard to permit courts to "accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).  In this determination, a district court should "'tak[e] account of all relevant

---

[2] This Court Individual Motion Practices and Rules specify that Carlebach's response was due within five days of service of Tyrnauer's letter.

circumstances surrounding the party's omission,' . . . includ[ing] '[1] the danger of prejudice to the [party opposing the untimely filing], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer*, 507 U.S. at 395). The late-claimant bears the burden of proving excusable neglect. *In re Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005).

The Second Circuit has held that: "In our cases addressing when neglect is excusable, we have therefore taken a hard line." *Silivanch*, 333 F.3d at 367–68. "Despite the flexibility of 'excusable neglect' and the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension, [the Second Circuit] and other circuits have focused on the third factor: 'the reason for the delay, including whether it was within the reasonable control of the movant.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395).

The Second Circuit has also counseled that the "failure to follow the clear dictates of a court rule will generally *not* constitute . . . excusable neglect." *In re Lynch*, 430 F.3d 600, 604 (2d Cir. 2005) (per curiam) (emphasis added) (quoting *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250–51 (2d Cir. 1997) (per curiam)). Thus, "[w]here the rule is entirely clear, . . . a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Silivanch*, 333 F.3d at 366–67.

## DISCUSSION

Applying these principles here, Carlebach has failed to meet his burden of establishing excusable neglect. Carlebach is an experienced bankruptcy attorney.[3] The rule requiring Carlebach to submit his brief within thirty (30) days is straightforward and unambiguous. Fed. R. Bankr. P. 8018(a)(1). In addition to the clear language of the Rule, Carlebach was given notice of the deadline in multiple court orders. On November 13, 2015, Carlebach and two other individuals associated with his law firm were sent ECF notifications containing the briefing schedule and notice that the bankruptcy record was available. (*See* 11/13/15 Order.) And again on November 16, 2015, Carlebach and another individual associated with his law firm were again sent an ECF notification containing the designated bankruptcy record and the deadline for submitting Carlebach's brief. (*See* 11/16/15 Order.) On December 28, 2015, Carlebach and another individual associated with his law firm were sent an ECF notification containing Tyrnauer's letter motion seeking leave to move to dismiss the appeal. (*See* 12/28/15 Tyrnauer Ltr.) Despite this ample notice of the briefing schedule and the status of the litigation, Carlebach failed to submit his brief, move for an extension, or even contact the court until more than two months after the court issued its orders setting the deadline for his brief. *See Seinfeld v. WorldCom, Inc.*, No. 06-CV-13274, 2007 WL 987867, at *3 (S.D.N.Y. Apr. 4, 2007) (quoting *Enron*, 419 F.3d at 122) (dismissing appeal for failure to timely file a brief where the explanation for the delay was that the attorneys did not read the electronic docket entry, several lawyers working on the case left the firm, and one lawyer working on the case was on vacation), *aff'd sub nom. In re WorldCom, Inc.*, 283 F. App'x 876 (2d Cir. 2008) (summary order).

---

[3] According to Tyrnauer, "a PACER search in the Eastern District of New York shows that Mr. Carlebach has appeared in at least 191 bankruptcy cases since 1996 and further another 116 bankruptcy cases in the Southern District of New York since 1995." (Mot. to Dismiss at 8 n.6.)

Carlebach's proffered explanations for his failure to timely comply with the rule and the Court's orders is that "the lines of communication between Plaintiff and his staff broke down" and "the briefing deadline, although it came in on ECF, was completely missed by the Office Staff and never made it to the office calendar." (Opp'n to Mot. at 1–2.) Carlebach acknowledges that bankruptcy appeals "have a unique way in which deadlines are set … by definite date certain Bankruptcy Rules." (*Id*. at 2.) He claims that because there is a "completely random" delay while "the record wends it way to the District Court, . . . a briefing schedule ..,. can easily be missed even by a vigilant lawyer and that is precisely what happened here," (*Id*.) Carlebach does not cite one case in his opposition, and does not even acknowledge, let alone analyze, the *Pioneer* factors.

Carlebach has not carried his burden of demonstrating excusable neglect. First, Carlebach's explanation plainly demonstrates his intimate knowledge of the Bankruptcy Rules and his familiarity with the unique procedural process for perfecting and briefing a bankruptcy appeal. Moreover, the "completely random" delay caused by the transmittal of the record from the Bankruptcy Court to the District Court, about which Carlebach complains, is precisely the reason this Court issued not one – but *two* electronic orders notifying Carlebach that the record had been received and setting the deadline for his brief on appeal. Carlebach claims that neither he nor anyone on his staff noticed these two Court Orders, and he provides no reason for why this happened. Such law office failure does not amount to excusable neglect. *See In re Quebecor World*, 2015 WL 4877422, at *3 (dismissing bankruptcy appeal where appellee failed to file a brief on time because he "did not see the notice of transmittal of the record, but provide[d] no cogent reason that he did not do so" despite notice of transmittal sent by the bankruptcy court's ECF system). *In re Musicland*, 356 B.R. at 608 ("Where a clear deadline is

missed due to a law office failure, including inattention or lack of oversight, an extension is not justified.")

Even if all other *Pioneer* factors weighed in Carlebach's favor, the weight accorded to the third factor here would still lead to the conclusion that Carlebach has failed to demonstrate excusable neglect. However here, the other *Pioneer* factors do not help Carlebach's cause. Carlebach asked permission to file his brief forty-two days after it was due and has not filed his brief to date; thus the length of the delay is not insignificant. *See In re Quebecor World* 2015 WL 4877422 at *3 (finding a delay of several months was "not extreme but [was] also 'not insignificant' in the context of Rule 8018, which sets a 30-day time limit for filing an appellate brief"); *see also Seinfeld*, 2007 WL 987867, at *3 (finding an 18-day delay in requesting an extension and a 37-day delay in filing a brief "not insignificant in the context of Rule 8009(a)(1), which sets forth a fifteen-day time limit for filing an appellate brief).

In addition, while a pattern of dilatory or negligent conduct is not necessary to show neglect, *see Seinfeld*, 2007 WL 987867, at *4, Carlebach was the subject of a sanctions motion before Judge Stong in the underlying bankruptcy action arising from similar conduct.[4] Carlebach's dilatory conduct both here and in the Bankruptcy Court has caused prejudice not

---

[4] *See Carlebach v. Rosen*, 15-bk-01046-ess (Bankr. E.D.N.Y.). There, Carlebach failed to file a response to counsel's motion to dismiss in accordance with the Bankruptcy Court's scheduling order. (*See Carlebach v. Rosen*, 15-bk-01046-ess, Minute Entry Dec. 1, 2015 (ordering Carlebach's response by 12/15/15).) On December 15, 2015 – the day the filing was due – Carlebach requested a two day extension because, "[d]ue to the intervening Chanukah holiday [he] had less time to prepare the opposition [than] initially anticipated." (*Id*. at Docket No. 36.) On January 12, 2016, well after the holiday's end, Carlebach had still not filed his opposition papers and failed to appear at a scheduled hearing. (*Id.* at Docket No. 39.) The Bankruptcy Court issued an order to show cause why (i) it should not grant a motion to dismiss and (ii) why Carlebach should not be sanctioned for his failure to appear. (*Id.*) Carlebach's response, filed February 3, 2016 stated, "[i]f counsel herein has been dilatory in some of its responses to the frivolous litigation commenced by Rosen, [Tyrnauer's counsel,] perhaps it has been, inter alia, out of shock and disillusionment that instead of the criminals being put in the dock, he, who has vigorously fought for truth and justice, and exposed a criminal scheme, has instead become the subject of sanctions and the like." (*Id.* at Docket No. 46 ¶ 13.) Carlebach's response offered no further explanation for his failure to comply with the court's scheduling order or appear at the scheduled hearing. As in the case at hand, Carlebach's explanation for his delay is unapologetically indifferent.

only by keeping this action hanging over Tyrnauer's head, but by creating issues requiring Tyrnauer to expend funds and effort to address them and to continually prod Carlebach to act. Equally important, Carlebach's conduct also raises serious concerns as to whether Carlebach is acting in good faith in his filing of this appeal.

Simply put, Carlebach has demonstrated inexcusable indifference in pursuing his appeal. He has flouted multiple deadlines, first, by violating Bankruptcy Rule 8018 when he did not file a brief within thirty days of entry of this appeal on the docket, and second, by failing to meet the deadline explicitly set forth in this Court's Orders of November 13 and 16, 2015. "[A]n appellant's loss of the right to bring an appeal due to the inadvertent mistakes of his counsel may seem unjust. However, the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced – where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar." *In re Quebecor World*, 2015 WL 4877422, at *3 (internal citation and quotation marks omitted). Here, the concerns regarding the appellees rights are diminished because it was the appellee himself – an experienced bankruptcy attorney – whose own negligence, not that of his counsel, resulted in Tyrnauer's motion to dismiss. Because Carlebach has failed to demonstrate excusable neglect, dismissal is appropriate in this case.

## CONCLUSION

For the reasons set forth above, Tyrnauer's motion to dismiss is granted, and Carlebach's appeal is dismissed with prejudice. The Clerk of Court shall enter judgment accordingly and close the case.

SO ORDERED.

*Roslynn R. Mauskopf*

_____
ROSYLNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
       September 23, 2016